In the Matter of CASTLETON ESTATES INC., Petitioner, against CHARLES ABRAMS, as State Rent Administrator, Respondent.

Supreme Court, Special Term, New York County, October 14, 1955.

*Alvin Jay Feldman* for petitioner.

*Hortense W. Gabel* and *Robert B. Keyes* for respondent.

NATHAN, J. Motion to review and annul order of respondent, State Rent Administrator is denied. In refusing to decontrol the landlord petitioner's housing accommodations respondent held that these were not " housing accommodations in   *   *   * two family houses " within the meaning of the State Residential Rent Law (L. 1946, ch. 274, § 2, subd. 2, as amd.) and State Rent and Eviction Regulations (§ 9, subd. 12) which remove control from such accommodations which become vacant on or after April 1, 1953. The apartments in question are located in various buildings in Castleton Park, an area owned by the petitioner which is described as including " twenty-six structures covering approximately six acres on three levels: one seven-story manually operated elevator apartment having three apartments per floor, totaling twenty-two apartments; one four-

story manually operated elevator apartment having four apartments per floor, totaling seventeen apartments; twenty-two cottages of sixty-four varied sized apartments of 3½ to 7 rooms; one two-story garage and carpenter maintenance shop and two summer houses. Castleton Park is served by one-third mile of private road having a twenty-five foot road bed and, in addition, there are sidewalks of approximately the same length. * * * Public space indoors and outdoors available for play and sitting, lawn areas and two tennis courts are served, as well as 2,000 square feet indoor space, known as the grill." All the units receive their heat and hot water from a common central heating unit. Concededly the apartments in question are located in two-family structures, some of which are semi-detached and some fully detached. A New York City certificate of occupancy for one such structure describes it as a two-family dwelling. But such certificate of occupancy has been held not conclusive upon a determination under the emergency housing rent law (*Matter of Saxon House* v. *McGoldrick*, N. Y. L. J., April 14, 1954, p. 7, col. 5; see, also, *Matter of Karol* v. *McGoldrick*, N. Y. L. J., Dec. 1, 1952, p. 1333, col. 4 and *Matter of Jackson & Feldstein* v. *McGoldrick*, N. Y. L. J., Oct. 25, 1954, p. 14, col. 1). Respondent has held in effect that these accommodations were part of a unified development or "horizontal apartment house" whose exemption from control was not contemplated by the statute.

Upon all the facts disclosed, it does not appear that this determination was arbitrary, capricious or contrary to law.